TARLTON RAILEY *et al.*, Plaintiffs in Error, v. JAMES PORTER *et al.*, Defendants in Error.

*Bailment—Forwarder.*—It is the duty of a forwarding merchant to advise his consignee of the shipment made to his address, and the failure of the carrier to deliver the goods shipped in accordance with the bill of lading will not discharge him of liability.

## Error to Jackson Circuit Court.

This was an action to recover the value of a lot of China hemp seed which, it is alleged by plaintiffs, was wholly lost to them through the negligence, carelessness and inattention of defendants as commission and forwarding merchants.

Defendants were commission and forwarding merchants at Maxwell's Landing, on the Missouri river, in Jackson county. In the month of March, 1857, plaintiffs sent the hemp seed to defendants, with instructions to them to ship it to C. O. Wallace, at the city of Lexington. Defendants undertook to make the shipment, and on the 4th day of April, 1857, made it on the steamboat A. C. Goddin. Defendants took but one bill of lading. By this the boat obligated herself to deliver the seed to C. O. Wallace, at Lexington. Plaintiffs had made arrangements with C. O. Wallace to sell the hemp seed, and it could have been sold, had he received it, at ten dollars per bushel. The boat did not deliver it to C. O. Wallace, but delivered it to T. B. Wallace, who, not knowing for whom it was designed, or to whom it belonged, retained it until the season for sowing had passed. There was testimony tending to show that plaintiffs had endeavored to ascertain what had become of the seed, but could not do so. It was afterwards sold for freight and charges.

The defendants in their answer admit that they took but one bill of lading, and insist that in doing this they did all that could be required of them as forwarding merchants. It is not pretended that defendants gave any notice whatever to C. O. Wallace of the shipment of the seed.

The cause was submitted to the court without the interven-

tion of a jury. The court declared the law as follows, on the motion of plaintiffs :

1. The law makes it the duty of forwarding and commission merchants to take triplicate bills of lading from vessels on which they may make shipments for others, and to forward one of these to the consignee of the shipment, to retain one, and to deliver one to the vessel.

2. It is admitted by the answer that defendants were forwarding and commission merchants, and that as such they undertook to ship for plaintiffs, from Maxwell's Landing, in Jackson county, to C. O. Wallace, in Lexington, Missouri, a quantity of hemp seed, and took but one bill of lading.

3. That in shipping said seed for plaintiffs to said C. O. Wallace, it was the duty of defendants to have exercised ordinary care, and if the court should find from the evidence that defendants in making said shipment failed to exercise ordinary care, or were guilty of ordinary negligence, then defendants are liable to plaintiffs in this action, and plaintiffs are entitled to recover of defendants such damages as the evidence may show they have sustained by reason of such neglect in regard to said shipment.

The court also further declared the law as to the measure of damages, &c., in the cause, but it does not require stating here.

On motion of defendant, the court declared the law as follows :

If the court believe from the evidence that defendants received the hemp seed in controversy to be shipped to Lexington to C. O. Wallace, and that defendants did, within a reasonable time after receiving said hemp seed, ship the same, and took from the boat on which the same was shipped, a bill of lading of said boat signed by the proper officer, whereby said boat was bound to deliver said hemp seed to said C. O. Wallace, at Lexington, and the boat refused to wait until triplicate bills of lading could be signed, then the said steamboat was liable to plaintiffs for any non-performance of said contract of affreightment, and that at the time the liability of said boat commenced the liability of the defendants ceased.

To this declaration of the law plaintiffs duly excepted.

*Chrisman & Comingo*, and *R. L. Y. Peyton*, for plaintiffs in error.

I. It was the duty of defendants to take triplicate bills of lading. (Addison on Cont. 471 ; Abbott on Shipping, 271 ; Bouv. L. Dic., tit. Bills of Lading; 4 Denio, 430 ; Flanders on Shipping, 476.) In failing to do this, defendants were guilty of negligence, and are liable to plaintiffs for damages resulting. (2 Kent, 591, s. p.)

2. The court erred in declaring the law as asked by the defendants. They admit that they took but one bill of lading, and insist that having done this they are not liable, &c. The law as declared by this court is wholly incompatible with the theory of the defence as contained in the answer. Furthermore, it does not appear that defendants intended taking more than one bill of lading. It is true, the witness Bledsoe, who made the shipment, states that the clerk of the boat refused to wait, &c.; but he at the same time states that it was not his habit to take more than one bill of lading, and it is scarcely inferable from his testimony that he intended to take more than one in this case. But be this as it may, it is suggested that even if it was owing to the conduct of the officers of the boat that triplicate bills were not signed, it at once became the duty of defendants to notify the consignee, C. O. Wallace, of the shipment by writing to him, or to notify the plaintiffs of the fact that the officers of the boat had refused to sign the requisite number of bills of lading ; and not having done this, they are chargeable with negligence, and are liable for all resulting consequences.

*Ryland & Son*, for defendants in error.

I. The plaintiffs allege that defendants are guilty of negligence and inattention in shipping their hemp seed ; and place this negligence and inattention in the mere fact alone, that defendants failed to take three bills of lading. This omission is not such negligence or inattention as will render the defendants liable.

II. One bill of lading is sufficient and enough to make the vessel liable ; and if that one contain an acknowledgment of the reception of the goods for transportation, sufficiently designated as to marks and numbers, and the place where to be delivered, and the person to whom, and the price of freight, and be signed by an officer of the vessel, the boat is bound to perform this contract of affreightment, and the shipper is not liable for the misconduct of the boat.

III. The plaintiffs have not alleged any facts in their petition showing a liability on the part of defendants, and they have utterly failed to prove any facts making them liable.

IV. What is a bill of lading ? It is the written evidence of a contract for the carriage and delivery of goods sent by water for a certain freight. This bill of lading, taken by the shippers, the defendants in this case, is as good and binding on the boat as if there had been a dozen counterparts or copies. It became the duty of the boat to perform the contract, and if there be loss or damage to the owner of the goods shipped, he must seek redress from the boat. (See Abbott on Shipping, t. p. 212 ; Covill v. Hill, 4 Denio, 330 ; Mason v. Lickbarrow, 1 H. B. 360 ; 3 Kent's Com. 268, t. p.)

The steamboat, the common carrier, is liable, because the boat failed to deliver according to the bill of lading. All injury to plaintiffs accrued after the boat got to Lexington, and the defendants had no hand in causing the injury there or at any time.

The judgment below should not, therefore, be reversed.

BATES, Judge, delivered the opinion of the court.

The instruction given for defendant was wrong.

Notwithstanding that the forwarding merchants may have been prevented by the misconduct of the officers of the boat from getting three bills of lading in the usual manner, they yet were bound to give advice to the consignee of the shipment made to him, and the liability of the boat does not discharge them from liability.

Judgment reversed and cause remanded. Judges Bay and Dryden concur.